(No. 76-CC-0195

LINDER D. DEVORE and IOWA KEMPER INSURANCE COMPANY, Claimants, *v.* STATE OF ILLINOIS, Respondent.

*Order filed March 2, 1979.*

PER CURIAM.

This cause is before the Court on the petition of Claimant for a rehearing.

Claimant had sought to recover the value of certain items of personal property stolen from his house on June 30, 1975, allegedly by an escaped inmate of the Illinois Youth Center at St. Charles, Illinois.

This Court denied the instant claim, on the ground that Claimant had failed to establish negligence by the State in permitting the youth to escape. In petitioning for a rehearing, Claimants refer the Court to *Kendrick v. State,* and *U.S. Fidelity & Guaranty Co. v. State, No. 23 Ill.Ct.Cl. 188,* where the Court held that where it is shown that an inmate of a State correctional facility has escaped, a presumption of negligence arises and it is incumbent upon the State to come forward with evidence to show that it was not negligent in permitting the escape.

We find that the instant case falls within the rule of *Kendrick v. State, supra,* and *U.S. Fidelity & Guaranty Co. v. State, supra.,* and that the negligence of the State in permitting the escape of Arthur Withers has been established.

We must then consider whether Claimants have

proven by a preponderance of the evidence that Arthur Withers was guilty of the theft of Devore's property.

The burglary was discovered on June 30, 1975, at about 3:30 p.m. Earlier on that date, Withers had escaped from the Illinois Youth Center at St. Charles.

Maurice Clark, an investigator for the St. Charles Police Department, had investigated the burglary at Mr. Devore's home. He said he discovered that someone had pulled up the garage door, and entered the home through the service door between the home and garage. He said they found a set of tennis shoe prints on Mr. Devore's property adjacent to the point of entry to the house. The prints were fresh at about 2:30 p.m. He said he talked to some neighbors, and one told him that she saw a male black youth in a field adjoining Mr. Devore's home "in a big hurry." The neighbor described the youth as wearing blue and white tennis shoes and blue jeans.

In a report Clark made of his investigation he stated that the witness described the youth as wearing brown pants.

The police report also reflects that two individuals were in Mr. Devore's house on the morning of the burglary, to hang curtain rods.

Clark said he took photographs of the prints in the field, and that when Withers was captured the prints were compared with the tennis shoes he was wearing. He said the size, shape and sole characteristics were similar. Withers was wearing blue and white tennis shoes when captured.

None of the objects allegedly stolen from the home of Mr. Devore were found in Withers' possession when he was captured.

136

After a careful review of the record, the Court must conclude that Claimant has failed to establish by preponderance of the evidence that Arthur Withers perpetrated the burglary of the Devore residence. Firstly, there is no evidence, circumstantial or otherwise, to place Arthur Withers in Mr. Devore's house. The only evidence pending in any way to tie Withers to the burglary is the testimony of a neighbor of Claimant, who said she saw a male, black youth wearing white and blue tennis shoes proceeding through a plowed field adjacent to Devore's house on the day of the burglary.

We note that Withers denied any knowledge of the burglary, and none of the stolen items were found in his possession when he was apprehended four days later.

We also note that while he was wearing blue and white tennis shoes, there was no testimony that the prints of his shoes matched those found in the field. Officer Clark merely said that the prints were "similar" to those in the field.

The Court must conclude that the evidence of Wither's commission of the burglary was not sufficient to meet Claimant's burden of proof.

It is therefore ordered that Claimants' petition for a rehearing be, and hereby is denied.